# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### HARRISONBURG DIVISION

| | |
|---|---|
| **GARLAND DeCOURCY,** *Plaintiff* | CASE NO. 5:15cv00060 |
| v. | **REPORT AND RECOMMENDATION** |
| **JUDGE DENNIS LEE HUPP,** *et als.,* *Defendants.* | By: Hon. James G. Welsh U.S. Magistrate Judge |

Appearing *pro se* and appealing to the court's federal question jurisdiction, the plaintiff was granted leave to proceed *in forma pauperis* (dkt. #3). His 3-part, 172-page, motion seeking "declaratory and injunctive relief" was filed on November 13, 2014 (dkt. #2, p5 in case number 5:14mc47). Therein, he named as defendants three state court judges and a guardian *ad litem* (a guardian appointed by the state court to protect the interests of a particular minor).

**I. PROCEDURAL HISTORY**

A review of the docket on March 10, 2015 indicated that the plaintiff had not filed proof of service on any defendant and had requested no extension of the deadline for service of process. *Suo motu* an order was entered directing the plaintiff to show cause why the defendants should not be dismissed from this action for lack of prosecution within the time-period allowed by the requirements of Rule 4(m) of the Federal Rules of Civil Procedure (dkt. #4). A hard copy was mailed to the plaintiff. A review of the docket this day indicates that the

plaintiff has made no response or suggestion of good cause for this failure. By order (dkt. #6) this case is before the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

In pertinent part Rule 4(m) of the Federal rules of Civil Procedure reads:

> If a defendant is not served within 120 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

To establish such good cause, a "[p]laintiff must show that [s]he acted in good faith and demonstrated some form of due diligence in attempting service." Elkins v. Broome, 213 F.R.D. 273, 276 (M.D.N.C. 2003) (citing 1 James W. Moore et al., Moore's Fed. Practice § 4.82[1] (3d ed. 2002)). A further review of the docket this date (September 17, 2015) shows that the plaintiff had filed no proof of service and has not responded to the to the Show-Cause Order; accordingly, pursuant to Rule 4 the plaintiff's motion seeking declaratory and injunctive relief should be dismissed in its entirety without prejudice.

## II.  FINDINGS

1. No defendant has been served with a copy of the summons and motion seeking declaratory and injunctive relief;

2. The time allowed for service on the defendants has expired;

3. The plaintiff has failed to comply with the court's show-cause order;

2

Case 5:15-cv-00060-MFU-JGW   Document 7   Filed 09/17/15   Page 2 of 4   Pageid#: 179

4. The plaintiff has failed to effect service of process (Rule 4(m)) on any defendant;

5. The plaintiff has failed to prosecute his claim against the defendants, or any one or more of them, in the instant matter (Rule 41(b)); and

**6.** The defendants should be dismissed from this action

## III. RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** that the plaintiff's Motion (dkt. #2) **be INVOLUNTARILY DISMISSED WITHOUT PREJUDICE** for **failure to prosecute**.

## IV. NOTICE

**NOTICE is hereby given to the provisions of 28 U.S.C. § 636(b)(1)(c): Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to such proposed findings and recommendations as provided by the rules of court. The presiding district judge shall make a de novo determination of those portions of the report or specified findings or recommendations to which an objection is made. The presiding district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the undersigned. The presiding district judge may also receive further evidence or recommit the matter to the undersigned with instructions. A failure to file timely written objections to these proposed findings and recommendations within fourteen (14) days could waive appellate review.**

## V. CLERK'S DIRECTIONS

The clerk is further directed to transmit a copy of this Report and Recommendation to the pro se plaintiff. At the conclusion of the fourteen-day period, the clerk is directed to transmit the record in this matter to the presiding United States district judge.

DATED: This 17th day of September 2015.

s/ *James G. Welsh*
**United States Magistrate Judge**